UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81282-CIV-MARRA/JOHNSON

LAURA LIETAERT,

      Plaintiff,

vs.

AMERICAN RED CROSS and
ANTONIO COLMENARES,

      Defendants.

_____/

### ORDER AND OPINION

THIS CAUSE is before the Court upon Plaintiff's Motion to Drop American Red Cross as a Party and Remand to State Court [DE 8].  The Court has carefully considered the motion, response, reply, entire Court file, and is otherwise fully advised in the premises.

This personal injury action arises from a collision involving a motor vehicle driven by Antonio Colmenares ("Colmenares").  It is alleged that Colmenares operated the vehicle within the scope of his employment with the American Red Cross ("Red Cross").  Compl. ¶ 5.  Red Cross removed the matter, with Colmenares' consent, from Florida state court to this Court.[1]  In order to defeat federal

_____

    [1]  The Red Cross is entitled to invoke this Court's original jurisdiction pursuant to 36 U.S.C. § 300105(a)(5).  That statute provides that the Red Cross has "the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."  In *American National Red Cross v. S.G.*, 505 U.S. 247 (1992), the United States Supreme Court held that § 300105(a)(5) authorizes the Red Cross to remove to federal courts actions pending against it in state courts.

jurisdiction granted by 36 U.S.C. § 300105(a)(5) and have this matter remanded, Plaintiff moves the Court to drop the Red Cross as a party pursuant to Fed. R. Civ. P. 21 ("Rule 21").  Rule 21 provides that "parties *may* be dropped or added by order of the court on motion of any party or of its own initiative …." (italics provided).  The question of whether a party should be dropped is a matter within the Court's discretion.  *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985). If the Red Cross is dropped as a party, there would no longer be any basis for federal jurisdiction because the remaining parties would not be diverse[2] and there is no federal question involved in this case.[3]

It is not uncommon for a court to exercise its discretion and drop a dispensable[4] nondiverse party when it is necessary to preserve its diversity jurisdiction over a case.  *Id.*; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[i]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time") (footnote omitted; abrogated on other grounds by statute); *Weaver v. Marcus*, 165 F.2d 862 (4th Cir. 1948).  The Court could find no precedent for the proposition that it should drop a

---

[2]  It appears that both Plaintiff's and Defendant Colmenares's permanent place of residence lies in this district.

[3]  Jurisdiction here is based on a specific statutory grant of jurisdiction to the Red Cross, rather than diversity.

[4]  If the nondiverse party whose dismissal is sought is indispensable then, of course, the motion must be denied and the case dismissed for lack of diversity jurisdiction.  *Haas v. Jefferson National Bank*, 442 F.2d 394 (5th Cir. 1971).

party to *defeat* jurisdiction, and none is cited by Plaintiff.  The Fourth Circuit however, has stated that "it does not follow as a matter (of) right that a party can be dropped at the mere desire of the plaintiff."  *Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir. 1948); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 692 (4th Cir. 1978); *see Munford v. MacLellan*, 682 F.Supp. 521, 522 n.1 (N.D. Ga. 1988).

The Red Cross is considered dispensable because its liability would be purely vicarious as the employer of Colmenares.  Therefore, the Red Cross is not required to be a party in order for Plaintiff to proceed with her claims against Colmenares.  *In re U.S. Oil and Gas Litigation*, No. 83-1702, 1988 WL 28544, *28 (S.D. Fla. Feb. 8, 1988) (one is not an indispensable party merely because he stands in a vicarious liability relationship to an existing party) citing *Rieser v. District of Columbia,* 563 F.2d 462 (D.C. Cir. 1977); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720 (E.D. Mich. 1983); *Financial General Bankshares, Inc., v. Metzger*, 523 F.Supp. 744, 773 (D.D.C. 1981).

Notwithstanding the fact that the Red Cross is a dispensable party, the Court will exercise its discretion and not dismiss Red Cross from this action.  When Plaintiff initiated this suit, she apparently believed the Red Cross's joinder was necessary.  Now that the Red Cross's joinder has resulted in this case proceeding in a federal rather than a state forum, Plaintiff has decided the Red Cross's joinder is no longer required.  The Red Cross has a significant interest in litigating the question of whether its driver was negligent and caused Plaintiff's injuries.  Having initially joined the Red Cross in this action, Plaintiff should not be permitted to deny the Red

Cross its opportunity to litigate the issues in which it has a significant interest for the sole purpose of accommodating Plaintiff's forum shopping.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Drop American Red Cross as a Party and Remand to State Court [DE 8] is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of January, 2011.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record